FILED

**NOT FOR PUBLICATION**

MAR 26 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAGAB MOHAMED REZEK,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 11-71497<br><br>Agency No. A078-014-621<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued December 10, 2014
Submitted March 24, 2015
Pasadena, California

Before: PREGERSON, NOONAN, and WARDLAW, Circuit Judges.

Ragab Mohamed Rezek, a native and citizen of Egypt, petitions for review

of the Board of Immigration Appeals' (BIA) final order dismissing his appeal of an

immigration judge's (IJ) denial of his asylum application as time-barred. The IJ

found that Rezek failed to establish extraordinary circumstances for filing his

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

asylum application approximately 16 months after the one-year deadline. But the IJ did grant Rezek's request for withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition to review the asylum application as time-barred under the one-year rule.

The BIA did not err in determining that Rezek did not qualify for the extraordinary circumstances exception to the one-year bar under the circumstances of this case. *See* 8 U.S.C. § 1158(a)(2)(B). Neither Rezek's pending adjustment application nor his reliance on his wife's representation that she could help him remain in the United States qualified for the exception. *See* 8 C.F.R. § 208.4(a)(5). Further, Rezek's pursuit of adjustment of status was not directly related to his failure to meet the filing deadline as he could have pursued asylum and adjustment of status concurrently. *See* 8 U.S.C. § 1158; 8 C.F.R. § 208.4(a)(5). Rezek does not provide any authority to support his claim that an applicant's pursuit of another form of relief can excuse an untimely asylum application. This lack of authority is more glaring in this case, where the applicant was statutorily ineligible for that alternative form of relief.

**PETITION DENIED**.